# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **RAMON PEREZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | |
| | : | **NO. 5:22-cv-00364-MTT-CHW** |
| **GEORGIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER & RECOMMENDATION

Plaintiff Ramon Perez, a prisoner in Telfair State Prison in Helena, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2. Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee, Order, ECF No. 4, which he has paid. Thus, Plaintiff's complaint is ripe for preliminary review.

On that review, Plaintiff is now ordered to recast his complaint if he wants to proceed with this action. Additionally, as set forth below, Plaintiff's motions relating to discovery (ECF Nos. 6, 7, & 8) are **DENIED**. Finally, it is **RECOMMENDED** that Plaintiff's motions for a preliminary injunction (ECF Nos. 6 & 7) also be **DENIED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.     Standard of Review

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's recast

complaint is now ripe for preliminary review.  *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings).  When performing this review, the court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original)*.*  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.  Factual Allegations

In his complaint, Plaintiff alleges that he was prescribed crutches, which were confiscated without a disciplinary report or a doctor's order.  Compl 6, ECF No. 1.  In particular, Plaintiff asserts that a medical official told him to come to medical to pick up boots for his crutches.  *Id.*  When Plaintiff went to medical to get the boots, Lieutenant Foster answered the door.  *Id.*  Plaintiff asserts that Foster's job is to run the dining hall rather than to work in medical.  *Id.*

Plaintiff asked for a medical official so that he could pick up his order.  *Id.* Without explanation, Lieutenant Foster grabbed Plaintiff's crutches and confiscated them as contraband.  *Id.*  Plaintiff asserts that the crutches were part of his medical treatment and that by taking them without providing an inventory sheet, Foster acted improperly. *Id.*  In addition to Lieutenant Foster, Plaintiff names Warden Berry, Grievance Coordinator Whimpple, Kelly D. Lindsey, Dr. Harold Tate, Ranjiv Saini, Dr. Ekinunife,

Dr. Steven Niergarth, Kristen Owens, and Kirstie Murner as defendants in this lawsuit. *Id.* at 5.

III.    Plaintiff's Claims

    A.    Deprivation of Property

Insofar as Plaintiff asserts that his crutches were taken, he may have intended to assert a claim for deprivation of property without due process of law.   To state a claim for denial of due process, a plaintiff must allege that he was deprived of life, liberty, or property without due process of law.   *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law").   The Due Process Clause of the Fourteenth Amendment is not offended, however, when a government official deprives an individual of his personal property if the state makes available a meaningful post-deprivation remedy.   *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).   The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property through a state court action, which covers Plaintiff's loss of property in this situation.   *See* O.C.G.A. §§ 51-10-1 through 51-10-6.   Thus, Plaintiff's allegations regarding Foster taking his property do not state a due process claim.

    B.    Deliberate Indifference to a Serious Medical Need

Insofar as he is alleging that his medically necessary crutches were taken, Plaintiff may also have intended to assert a claim for deliberate indifference to a serious medical need.   In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need.   *Farrow v. West*, 320 F.3d

1235, 1243 (11th Cir. 2003).   A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted).   Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended.   *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Additionally, the disregard of risk must be "by conduct that is more than mere negligence."   *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011).   "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all."   *Id.*   A prison official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference."   *Id.*   Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment."   *Id.*

Although Plaintiff does not assert any facts regarding the reason the crutches were prescribed, he does allege that a doctor prescribed them for him, suggesting that he may have had a serious medical need.   Plaintiff does not, however, allege any facts to show that Foster was aware of Plaintiff's serious medical need or that Foster knew of and disregarded any risk of harm to Plaintiff if the crutches were taken from him.   Thus, Plaintiff's allegations do not show that Foster was deliberately indifferent to Plaintiff's

need.   Moreover, Plaintiff includes a number of other defendants, but he does not allege any facts with regard to those defendants to show that any of them were deliberately indifferent to his serious medical need, either related to the crutches or otherwise.   Thus, he also has not stated a claim for deliberate indifference to a serious medical need.

C.  Statute of Limitations

In addition to the issues set forth above, it appears possible that the statute of limitations may have run on Plaintiff's claims.   In this regard, § 1983 has no statute of limitations of its own, and instead, is governed in each case by the forum state's general personal injury statute of limitations.   *Owens v. Okure*, 488 U.S. 235, 236 (1989) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)).   Thus, Georgia's two-year personal injury statute of limitations governs 42 U.S.C. § 1983 civil rights claims.   *Reynolds v. Murray*, 170 F. App'x 49, 50-51 (11th Cir. 2006) (per curiam) (citing Ga. Code. Ann. § 9-3-33 (1982)).

In response to the question asking when this incident took place, Plaintiff asserts that it happened in July 2020.   If Plaintiff's claims accrued in July 2020, then the statute of limitations expired two years later, in July 2022.   Plaintiff did not file his complaint until October 2022.   Thus, it appears possible that these claims may be barred by the statute of limitations.

Nevertheless, it is not entirely clear from Plaintiff's allegations when exactly the events took place.   For instance, if Plaintiff was prescribed the crutches in July 2020, but they were confiscated later than that, the claims may not have accrued until later. Additionally, it is possible under this scenario that the statute of limitations may have run while this case has been pending.   If that is the case, then any dismissal of this action

would effectively be with prejudice.   Under these circumstances, Plaintiff will now be given the opportunity to recast his complaint to attempt to state a claim for relief.

IV.   Order to Recast

In recasting his complaint, Plaintiff shall clearly identify those individuals he wishes to include as named defendants in this case.   Plaintiff must allege facts showing what these defendants did or did not do that he believes violated his constitutional rights.   If Plaintiff makes a claim that is not connected to any defendant, that claim will be dismissed. Similarly, if Plaintiff names a defendant but does not connect that defendant with a particular claim, that defendant will be dismissed.

When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)   *What* did this defendant do (or not do) to violate your rights?   In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?   Is he a supervisory official? Was the defendant personally involved in the constitutional violation?   If not, did his actions otherwise cause the unconstitutional action?   How do you know?

(2)   *When* and *where* did each action occur (to the extent memory allows)?

(3)   *How* were you injured as a result of this defendant's actions or decisions?   If your injury is related to a change in the conditions of your confinement, please describe how those conditions differ from those in general population. If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)   *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)   *What* did this defendant do (or not do) in response to this knowledge?

(6)   *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim.   *See* Fed. R. Civ. P. 8.

The recast complaint will take the place of and supersede Plaintiff's prior complaint, such that the Court will not look back to the original complaint or any of the motions that Plaintiff has filed to date to determine whether Plaintiff has stated a claim.   Therefore, Plaintiff should take care to include all relevant factual allegations in his recast complaint. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to recast his complaint as directed herein.   Failure to do so, or to otherwise fully and timely comply with this order, may result in the dismissal of Plaintiff's complaint.

## DISCOVERY MOTIONS

In his response to a show cause order from Court, Plaintiff also moved for a ninety-day extension of time to complete discovery.   Response to Show Cause Order, ECF No. 6. As Plaintiff has been ordered to file a recast complaint and no defendant has been served, discovery has not yet begun in this case.   Thus, there is no cause to extend it, and Plaintiff's motion is **DENIED**.

In separate motions, Plaintiff makes other references to discovery requests and his attempts to complete discovery.   *See generally* Mot. for Prelim. Inj., ECF No. 7; Mot. for Recon., ECF No. 8.   In the second of these, Plaintiff asks the Court to order defendant Foster to reply to Plaintiff's interrogatories and request for production of documents.   Mot. for Recon., ECF No. 8.   As discovery has not yet begun, Plaintiff's requests in this regard are also **DENIED**.   If this case proceeds to discovery, Plaintiff must serve his discovery requests directly on any defendant or defendants in this case.   Only if the defendant fails

to respond to Plaintiff's proper discovery requests should Plaintiff seek this Court's intervention.

## MOTION FOR LOCAL RULES

In one of his filings, Plaintiff also requests a copy of the Local Rules for the Middle District of Georgia.   Mot. for Prelim. Inj. 2, ECF No. 7.   That request is **GRANTED**, and the **CLERK** is **DIRECTED** to forward a copy of the Local Rules to Plaintiff.

## MOTION FOR PRELIMINARY INJUNCTION

In his show cause response, Plaintiff asks for a preliminary injunction ordering the defendants to provide Plaintiff with medication and treatment.   Response to Show Cause Order 3, ECF No. 6.   Plaintiff makes a similar request in another motion, asking for the defendants to provide him with medication and treatment for heart conditions and other health issues.   Mot. for Prelim. Inj. 4-5, ECF No. 7.

A temporary restraining order ("TRO") or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all of the substantive relief sought in the complaint.   *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[1]   Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO

---

[1]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction.   *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

At this stage, Plaintiff has not shown a substantial likelihood of success on the merits. In particular, Plaintiff has not presented any evidence to support his deliberate indifference claim. Thus, he is asking the Court to take action without evidence or a complete picture of the situation. Moreover, Plaintiff refers to medical conditions in his motions that he does not address in his complaint. In this regard, he appears to be asking for relief that is not directly related to the alleged violation.

Plaintiff also has not provided any argument or evidence showing that any of the other factors for granting a preliminary injunction weigh in his favor. Accordingly, it is now **RECOMMENDED** that Plaintiff's motions for a preliminary injunction be **DENIED**.

## CONCLUSION

Therefore, for the reasons set forth above, Plaintiff is now **ORDERED** to file a recast complaint if he wants to proceed with this action. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Plaintiff's failure to fully and timely comply with this order to recast may result in the dismissal of this action. The **CLERK** is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 complaint form along with his service copy of this order (with the civil action number showing on both). As noted above, the **CLERK** is also **DIRECTED** to forward Plaintiff a copy of the Local Rules along with the complaint form and this order. Plaintiff's motions relating to discovery (ECF Nos. 6, 7, & 8) are **DENIED**, and it is **RECOMMENDED** that Plaintiff's

10

motions for a preliminary injunction (ECF Nos. 6, 7, & 8) also be **DENIED**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 19th day of January, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge