**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **RAMON PEREZ,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **V.** | : |
| | :   **NO. 5:22-cv-00364-MTT-CHW** |
| **GEORGIA DEPARTMENT** | : |
| **OF CORRECTIONS, *et al.*,** | : |
| | : |
| **Defendants.** | : |
| | : |

## ORDER & RECOMMENDATION

Plaintiff Ramon Perez, a prisoner in Telfair State Prison in Helena, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983.   Compl., ECF No. 1.   Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*.   Mot. for Leave to Proceed *In Forma Pauperis*, ECF Nos. 2.   Plaintiff's motion to proceed *in forma pauperis* was granted, and he paid an initial partial filing fee, after which, Plaintiff's complaint underwent a preliminary review.   R. & R., ECF No. 9.   On that review, Plaintiff was ordered to recast his complaint if he wanted to proceed with this action.   *Id.*

Plaintiff has now filed an amended complaint that is ripe for preliminary review. Am. Compl., ECF No. 10.   Plaintiff has also filed a motion for permission to request a pretrial conference, a new motion for preliminary injunction,[1] and a motion to appoint

---

[1]Plaintiff previously filed an unsigned motion for preliminary injunction.   Mot. for Prelim. Inj., ECF No. 11.   Because that motion was not signed, and Plaintiff has now filed a signed motion, no further action will be taken with regard to the unsigned motion.   Thus, the **CLERK** is **DIRECTED** to terminate the motion at ECF No. 11.

counsel.   Mot., ECF No. 13; Mot. for Prelim. Inj., ECF No. 14; Mot. to Appoint Counsel, ECF No. 17.   As an initial matter, Plaintiff's motion for appointment of counsel (ECF No. 17) is **DENIED**.

On preliminary review of Plaintiff's amended complaint, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claim against Defendant Lieutenant Foster.   It is **RECOMMENDED** that any deprivation of property claims, claims against Warden Berry and Grievance Coordinator Whimmple, and claims based on the alleged attack by officers be **DISMISSED WITHOUT PREJUDICE** as discussed herein.   Additionally, Plaintiff's motion for permission to file a motion requesting a pretrial conference (ECF No. 13) is **DENIED**.   Finally, it is **RECOMMENDED** that Plaintiff's new motion for a preliminary injunction (ECF Nos. 14) be **DENIED**.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel asserting that he cannot afford a lawyer, his imprisonment will limit his ability to litigate this case, the issues in this case are complex and would be better presented by a lawyer, a trial will involve conflicting evidence and a lawyer would assist with presentation of evidence and cross-examination of witnesses, and he has tried to file a lawyer to no avail.   Mot. to Appoint Counsel, ECF No. 17.   As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right."   *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986).   To the contrary, appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Id*.   In deciding whether

legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims and that the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointment of counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    <u>Standard of Review</u>

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's amended complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted

---

[2]The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations

In his amended complaint, Plaintiff alleges that he injured his knee in an accident on March 31, 2020.   Attach. to Am. Compl. 9, ECF No. 10-1.   After the accident, Plaintiff had surgery and was prescribed crutches by Dr. Steven Niergarth as part of his treatment plan. *Id.*   In July 2020, Nurse Matthews called Plaintiff to medical to pick up boots for the crutches, but when Plaintiff got to medical, Lieutenant Foster answered the door. *Id.* Lieutenant Foster does not work in medical, so Plaintiff asked to see a medical official so that he could pick up his boots. *Id.* at 1.

Instead of getting someone to help Plaintiff, Foster grabbed Plaintiff's crutches and confiscated them as contraband. *Id.*   Foster did not write any report or provide a property inventory sheet relating to his confiscation of the crutches. *Id.*   Plaintiff was required to return to his dorm without the crutches, and he asserts that the confiscation interfered with his recovery. *Id.* at 6.   Plaintiff asserts that Foster would have seen Plaintiff with the crutches before this happened, but as a shift supervisor, Foster would not have had any knowledge of Plaintiff's particular medical treatment plan. *Id.* at 12.   Later, on August 26, 2020, Plaintiff saw Foster and respectfully asked him for his crutches, but Foster only made a rude comment in response. *Id.* at 9.

Plaintiff filed grievances relating to this matter in July 2020, December 2020, and

January 2021. *Id.* at 2, 11. Plaintiff was released from prison on parole in February 2021, and he subsequently contacted multiple attorneys in an attempt to hire someone to represent him in this case. *Id.* at 11. Plaintiff asserts that he hired an attorney from Dublin, Georgia, in December 2021, but he has apparently not heard from the attorney. *Id.* Plaintiff filed this case in October 2022. *See* Compl. 7, ECF No. 1. In addition to Foster, Plaintiff names Warden Berry and Grievance Coordinator Whimmple as defendants in this case.[3] Am. Compl. 4, ECF No. 10.

III.   Plaintiff's Claims

A. Deprivation of Property

Insofar as Plaintiff asserts that his crutches were taken, he may have intended to assert a claim for deprivation of property without due process of law.   To state a claim for denial of due process, a plaintiff must allege that he was deprived of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prisoners "may not be deprived of life, liberty, or property without due process of law"). The Due Process Clause of the Fourteenth Amendment is not offended, however, when a government official deprives an individual of his personal property if the state makes available a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Georgia provides Plaintiff an adequate post-deprivation remedy for the loss of his property through a state court action, which covers Plaintiff's

---

[3]Plaintiff named a number of other defendants in his initial complaint, but he does not include any of these defendants, other than Foster, Berry, and Whimmple, in the amended complaint.   Therefore, the Clerk is **DIRECTED** to terminate the other listed defendants in this case.

loss of property in this situation. *See* O.C.G.A. §§ 51-10-1 through 51-10-6. Thus, Plaintiff's allegations regarding Foster taking his property do not state a due process claim, and it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE**.

### B. Deliberate Indifference to a Serious Medical Need

Insofar as he is alleging that his medically necessary crutches were taken, Plaintiff may also have intended to assert a claim for deliberate indifference to a serious medical need. In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation marks and citation omitted). Further, the condition must be one that would pose a "substantial risk of serious harm" if left unattended. *Farrow*, 40 F.3d at 1243.

An official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Additionally, the disregard of risk must be "by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* A prison official "who delays necessary

treatment for non-medical reasons may exhibit deliberate indifference." *Id.*   Finally, "[a]n Eighth Amendment violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." *Id.*

Plaintiff alleges that a doctor prescribed him crutches as part of a treatment plan following a knee injury and surgery.   These assertions sufficiently allege a serious medical need for the purpose of a preliminary review.   With regard to whether Lieutenant Foster was deliberately indifferent to that need, Plaintiff concedes that Foster would not have known specifically about Plaintiff's treatment plan, but he asserts that Foster necessarily had seen him using the crutches prior to confiscating them.   Plaintiff also had come to medical in relation to his crutches.   It remains to be seen whether Plaintiff will actually be able to prove that Foster knew that Plaintiff needed the crutches, but at this stage of the proceeding, the Court must accept Plaintiff's allegations as true and construe them in his favor.   Applying this standard, it appears possible that Foster may have been deliberately indifferent to Plaintiff's serious medical need.   Therefore, Plaintiff will be permitted to proceed for further factual development on a deliberate indifference to a serious medical need claim against Lieutenant Foster.[4]

_____

[4]In the previous order, it was noted that the statute of limitations may have run on this claim.   A prisoner's complaint may be dismissed as time barred if it "appear[s] beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar."   *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003). In the amended complaint, Plaintiff includes additional allegations regarding his attempts to pursue this case.   In light of these allegations, it cannot be said that the complaint establishes beyond any doubt that Plaintiff could prove no set of facts that would avoid the limitations bar.   Thus, *sua sponte* dismissal based on the statute of limitations is not warranted at this preliminary stage.   Nevertheless, nothing prevents Defendant from moving to dismiss based on an argument that the statute of limitations bars this case.

C.  Warden Berry and Grievance Coordinator Whimmple

Plaintiff also names Warden Berry and Grievance Coordinator Whimmple as defendants in this action.   Plaintiff does not include any allegations regarding their involvement in the events underlying this case.   Thus, it appears that he may be relying on their supervisory positions to try to state a claim against them.

To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation.  *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986).   This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).   As noted above, Plaintiff does not allege facts showing personal involvement.   Plaintiff also does not allege any facts showing a causal connection between the alleged violation and these defendants.   As a result, it is **RECOMMENDED** that Plaintiff's claims against Warden Berry and Grievance Coordinator Whimmple be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

D.  Excessive Force

Finally, in a section of his amended complaint relating to exhaustion, Plaintiff refers to an incident in which several officers sprayed him with chemical spray, held him down,

and tasered him.   Attach. to Am. Compl. 3-4, ECF No. 10-1.   It is not clear whether Plaintiff intended to include this as a claim, but even if he did, he fails to include specific allegations regarding what happened to establish that his constitutional rights were violated.   Moreover, this potential claim does not appear to arise out of the same transaction or occurrence or series of transactions or occurrences as Plaintiff's claim that Foster was deliberately indifferent to his medical needs.   Thus, it is not properly joined to that claim, *see* Fed. R. Civ. P. 20 (regarding joinder), and it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE**.

IV.   Conclusion

Therefore, for the reasons discussed above, Plaintiff will be permitted to proceed for further factual development on his deliberate indifference to a serious medical need claim against Defendant Lieutenant Foster.   It is **RECOMMENDED** that any deprivation of property claims, claims against Warden Berry and Grievance Coordinator Whimmple, and claims based on the alleged attack by officers be **DISMISSED WITHOUT PREJUDICE** as discussed above.

**MOTION TO REQUEST PRETRIAL CONFERENCE**

Plaintiff has filed a motion seeking permission to file a motion requesting a pretrial conference.   Mot., ECF No. 13.   As discussed below, discovery in this case will not begin until after an answer or dispositive motion has been filed.   Thus, this request is premature.   Moreover, routine discovery requests are not to be filed in this Court.   Only if Defendant fails to properly participate in discovery should Plaintiff seek this Court's intervention.   *See* Fed. R. Civ. P. 37 (regarding motions for discovery orders).   Therefore, Plaintiff's

10

motion (ECF No. 13) is **DENIED**.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff has also filed a new motion for preliminary injunction asking the Court to permit law students from the University of Denver Sturm College of Law to represent him in this case.   Mot. for Prelim. Inj., ECF No. 14.   No lawyer or law students have filed any notice of appearance or motion to appear on Plaintiff's behalf in this case, and Plaintiff has not provided any documentation suggesting that any law students have agreed to appear on his behalf with permission of the Court.   Accordingly, it is **RECOMMENDED** that this motion be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT LIEUTENANT FOSTER**, and that he file an Answer, or other response

as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute.   Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that

discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 13th day of April, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge