IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAMON PEREZ, | : |
|         Plaintiff, | : |
| V. | : NO. 5:22-cv-00364-MTT-CHW |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | : |
|         Defendants. | : |

## ORDER

*Pro se* Plaintiff Ramon Perez, an inmate at Telfair State Prison, filed a complaint pursuant to 42 U.S.C. § 1983. (Docs. 1, 10). Following screening, only his claim for deliberate indifference to a serious medical need against Defendant Foster was allowed to proceed for further factual development. (Docs. 18, 28). Plaintiff has now filed several miscellaneous motions (Docs. 34-39), none of which have merit.

Plaintiff has filed a motion to appoint counsel. (Doc. 37). Plaintiff previously filed a motion requesting appointment of counsel, which was denied. (Docs. 17, 18). Plaintiff's case and status are unchanged since his last motion to appoint an attorney, and his current motion raises no new grounds for appointment of counsel. His motion for appointment of counsel (Doc. 37) is **DENIED** for the reasons explained in the Court's previous order.

Plaintiff has filed several lengthy motions which were docketed as motions for preliminary injunction (Docs. 34, 38) and motions for disposition. (Docs. 35, 39). These motions do not request any discernible relief. To the extent that Plaintiff is seeking

injunctive relief, his requests fail for the reasons explained by the Court in previous orders denying similar relief. One of motions (Doc. 39) notes a request for a "discovery plan" to begin, but Defendant has only recently been served (Doc. 33) and no answer is due. Therefore, as explained in the Court's screening order, discovery has not yet commenced. For these reasons, Plaintiff's motions for preliminary injunction and motions for disposition (Docs. 34, 35, 38, 39) are **DENIED**.

Plaintiff has also filed a motion for leave to file an amended complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. (Doc. 36). Rule 15(c) explains how and when an amendment may relate back to the original pleading, but whether Plaintiff requires leave of court to amend is governed by Rule 15(a). Rule 15(a)(1) explains that "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Toenniges v. Ga. Dept. of Corr.*, 502 F. App'x 888, 889 (11th Cir. 2012) (citing Fed. R. Civ. P. 15(a)(1)). No answer has yet been filed, but Plaintiff has already amended his complaint once by submitting a recast complaint. (Doc. 10). Therefore, leave of court is required to amend.

The surviving claim is Plaintiff's deliberate indifference to a serious medical need as to Defendant Foster, which concerns Plaintiff's time at Baldwin State Prison. (Docs. 10, 18). Plaintiff's proposed amended complaint lists numerous other defendants from the Georgia Department of Corrections, Macon State Prison, Telfair State Prison, Treutlen County Jail, as well as officials from Baldwin State Prison. (Doc. 36-4, p. 2-3). Although

2

Plaintiff describes a medical procedure from 2020, Plaintiff does not allege or attribute any particular action to any of the proposed new defendants related to that procedure. *See* (Doc. 36-4). Plaintiff does reference the grievance process (*Id.*, p. 5), but a breakdown in or inability to access the grievance process does not give rise to a cause of action under § 1983. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1177-1178 (11th Cir. 2011). Moreover, any attempt to join new defendants by adding unrelated claims occurring at a subsequent, different prison would be an improper joinder of defendants and claims under Rule 20(a)(2). Therefore, Plaintiff's motion to for leave to amend his complaint (Doc. 36) is **DENIED**.

For the reasons explained above, Plaintiff's miscellaneous motions (Docs. 34, 35, 36, 37, 38, 39) are **DENIED**.

**SO ORDERED**, this 4th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge