IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RAMON PEREZ,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | Case No. 5:22-cv-00364-MTT-CHW |
| **GEORGIA DEPARTMENT** | : | |
| **OF CORRECTIONS,** *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| **Defendants.** | : | |
| _____ | : | |

**ORDER**

*Pro se* Plaintiff Ramon Perez, a state inmate now incarcerated at Coastal State Prison, filed a complaint pursuant to 42 U.S.C. § 1983. (Docs. 1, 10). Following screening, only his claim for deliberate indifference to a serious medical need against Defendant Foster was allowed to proceed for further factual development. (Docs. 18, 28). Plaintiff has filed two miscellaneous motions (Docs. 43, 44) and a supplemental complaint (Doc. 46). Additionally, Defendant Foster has not responded to Plaintiff's complaint and is now in default.

*Motion for the Taxation of Costs*

Plaintiff filed a motion for the taxation of costs (Doc. 43) pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rules 54.2.1 and 54.2.2. These rules contemplate costs being assessed in favor of the prevailing party after a judgment has been entered. No final judgment has been entered in this case, so Plaintiff's request is premature. Plaintiff's motion for taxation of costs (Doc. 43) is **DENIED**.

*Document Requests*

Plaintiff has also filed a document entitled "Document Requests" (Doc. 44), in which he

seeks discovery related information and other miscellaneous relief. To the extent this document may be construed as a motion for discovery, it is premature because, as explained in a previous order (Doc. 40), Defendant has not answered Plaintiff's complaint and discovery has not yet commenced. Plaintiff also appears to seek injunctive relief or a settlement, makes references to his mental health treatment, asks for clemency, and complains about the search warrants in his underlying state criminal conviction. These requests are either improper, outside what may be granted in a Section 1983 case, or otherwise not within the Court's power to grant. Based on the foregoing, Plaintiff's motion for document requests (Doc. 44) is **DENIED**.

*Supplemental Complaint*

The Court previously denied Plaintiff's motion for leave to file an amended complaint. (Docs. 36, 40). Plaintiff now has filed a supplemental complaint without leave of court (Doc. 46), where he reiterates the claims against Defendant Foster but also includes what can best be described as a shotgun pleading with no discernable valid additional claims. Plaintiff's attempt to amend his complaint (Doc. 46) is **DENIED**. Plaintiff's recast complaint (Doc. 10) as screened under the PLRA (Docs. 18, 28) remains the operable complaint.

*Status of Defendant Foster*

On July 7, 2023, Defendant Foster was personally served by a deputy U.S. Marshal. (Doc. 33). He was served at the Special Management Unit of Georgia Diagnostic and Classification Prison and not at Baldwin State Prison where the original waiver was sent. *See* (Docs. 19, 20, 27, 33). Defendant Foster has not responded to Plaintiff's complaint.

Because Defendant Foster's time for responding to Plaintiff's complaint has long passed, the Clerk of Court is hereby DIRECTED to enter a default against Defendant Foster upon the docket. Plaintiff shall file a motion for default judgment within 21 days of this Order. Failure to

<u>comply may result in this action being dismissed for failure to prosecute.</u> The motion for default judgment shall state whether a hearing is necessary to determine damages, and if a hearing is not necessary, the motion shall include all evidence supporting the damages sought in the motion. A copy of this order shall be mailed to Defendant Foster at the address at which service was perfected.

    **SO ORDERED**, this 5th day of December, 2023.

                                      <u>s/ Charles H. Weigle</u>
                                      Charles H. Weigle
                                      United States Magistrate Judge