IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAMON PEREZ, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-364 (MTT) |
| Lieutenant FOSTER, | ) |
| Defendant. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting plaintiff Ramon Perez's motion for default judgment (Doc. 52). Doc. 72. Defendant Lieutenant Foster objected. Doc. 75. Accordingly, pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the Recommendation de novo.

First, Foster claims that because he did not willfully disregard judicial proceedings, default judgment is not appropriate. Doc. 75 at 4-5. The law is clear that culpable conduct, in addition to willful conduct, may be considered in determining good cause for entry of default. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996) ("Courts have considered whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense"). The record reflects culpable conduct on Foster's part. At the hearing on Perez's motion for default judgment, Foster testified to what he did, and did not do, when he was served:

> Well, um, I was at home -- and this was Friday -- I had to work that night, but it was a couple hours before my shift, and I got a phone call from my supervisor -- one of my supervisors telling me that there was a U.S. Marshal out front waiting to serve me some papers.
>
> I'm like -- and I talked to him on the phone. He said, um, he had somewhere to be. And I gave permission for my supervisor to sign for it, and I would just pick it up when I got to work that night at 10:00 o'clock.
>
> And when I did it, I assumed that when -- that my supervisor already knew that he was going to process it through, so I just been waiting. And last time I heard anything about it was when [defense counsel] called me about it at work. A few months back.

Doc. 70 at 9-10. In short, for reasons Foster does not explain, Foster assumed his supervisor, rather than someone who had responsibility for handling a Marshal-served complaint, would take care of everything. Then, rather than confirming that the matter had been "process[ed]," he simply waited. *Id.*

Next, Foster claims that he has meritorious defenses and Perez has not shown prejudice caused by the delay. Doc. 75 at 5. Good cause, however, "is a mutable standard, … not susceptible to a precise formula." *Compania Interamericana*, 88 F.3d at 951. "'Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default.'" *Id*. (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992). Therefore, prejudice is only one of multiple potential factors to be balanced in the good cause inquiry.

The Court's review of the circumstances in this case does not support a finding of good cause. Foster's culpable conduct caused a significant delay. Defense counsel did not enter an appearance until eight months after service was made. Docs. 31, 57. While Foster was "sitting back, waiting" (Doc. 70 at 11:9) for eight months, evidence

grew stale and recollections necessarily faltered.[1]  In addition, Foster did not act promptly to correct the default; defense counsel did not appear until more than three months after entry of default.[2]  Docs. 51, 57.  Thus, Foster's potentially meritorious defenses are not sufficient to tip the scale in Foster's favor.

Finally, Foster asserts that "defaults by other defendants in other cases should not be used as a basis to strip away his defenses to individual liability claims in this case."  Doc. 75 at 5.  The Court agrees that Foster should not be penalized for the actions of others.  However, once again, the Magistrate Judge correctly determined that Foster himself was culpable.  Foster knew he had been served and assumed, blithely, that someone else would take care of the matter.  Doc. 70 at 9:15-17, 11:8-10.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 72) is **ADOPTED** and made the order of the Court.  Accordingly, Perez's motion for default judgment (Doc. 52) is **GRANTED** and Perez is awarded compensatory damages in the amount of $1000.

**SO ORDERED**, this 16th day of September, 2024.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[1] *See* 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536–37 (1983) ("[O]pening a default may prejudice a litigant in a number of ways …. It [] may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.").

[2] *See Compania Interamericana*, 88 F.3d at 951 ("[C]ourts have examined other factors including whether the public interest was implicated, whether there was a significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default.").