IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RAMON PEREZ,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 5:22-cv-00364-MTT-CHW |
| **Lieutenant FOSTER,** | : Proceedings Under 42 U.S.C. § 1983 |
| | : Before the U.S. Magistrate Judge |
| **Defendants.** | : |

## ORDER

Plaintiff filed this underlying 42 U.S.C. § 1983 action alleging that Defendant Foster was deliberately indifferent to a serious medical need. (Docs. 1, 10). After Defendant Foster failed to respond to Plaintiff's complaint, default was entered, and Plaintiff was directed to file a motion for default judgment. (Doc. 51). Following Plaintiff's motion for default judgment and declaration in support, Defendant Foster moved to set aside the default (Doc. 61) and filed an answer to the complaint. (Doc. 62). Ultimately, the Court determined that Defendant Foster had failed to show good cause to set aside default. (Docs. 72, 86). Therefore, his motion to set aside default was denied, and his answer was stricken from the record. (*Id.*). Plaintiff was awarded compensatory damages in the amount of One Thousand Dollars ($1, 000.00), and judgment was entered on September 17, 2024. (Docs. 86, 87).

Before the Court are Plaintiff's motions to Set Aside Judgment (Doc. 98) and to Modify Sentence. (Doc. 99). Although it is not entirely clear what relief Plaintiff is requesting, the motions appear to seek relief related to his criminal conviction, matters outside the scope of a Section 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 498 (1975) ("[A Section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison

1

life, but not to the fact or length of his custody."); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("When an inmate challenges the circumstances of his confinement but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983). To the extent that Plaintiff seeks to challenge the lawfulness of confinement or its duration, his claim falls solely within the province of habeas corpus under Section 2254. As to the present Section 1983 action, judgment has been entered, the case is closed, and Plaintiff has identified no grounds for reopening the case. Accordingly, his motions (Docs. 98, 99) are **DENIED**.

    **SO RECOMMENDED**, this 15th day of April, 2025.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge